E-FILED
Wednesday, 09 September, 2026 02:25:03 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 26-CR-20033 |
| | ) | |
| CAROL AMMONS and AARON AMMONS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO
THE DEFENDANTS' MOTIONS TO CONTINUE**

NOW COMES the United States of America, by Gregory M. Gilmore, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and hereby responds to the defendants' motions to continue the final pretrial conference and trial in this matter, R.48, 49, which are currently scheduled for November 3 and 17, 2026, respectively. In support of its response, the United States submits the following:

**BACKGROUND**

On July 7, 2026, a federal grand jury charged the defendant, Carol Ammons, with wire fraud based on the alleged misuse of government grants and campaign funds and Carol Ammons and Aaron Ammons with conspiring to obstruct justice related to the fraud charge. R. 1. The defendants first appeared before the Court on those charges on July 16, 2026. That same date, the defendants were released on bond pending trial. Following the defendants' first appearance, the United States provided the defendants'

counsel with voluminous discovery related to the charges. The defendants have obtained one prior continuance of the final pretrial conference and jury trial. D.E. 8/19/2026. The final pretrial conference is currently scheduled for November 3, 2026, and the jury trial is scheduled for November 17, 2026. *Id.* The defendants have requested a second continuance of those dates based on the dates conflicting with defendant Aaron Ammons's responsibilities as the County Clerk for Champaign County. R. 48, 49.

**RESPONSE**

Congress determined in the Speedy Trial Act that both the public and the defendants have an interest in a speedy trial. *See* 18 U.S.C. § 3161(c)(1) (generally directing trial to commence within 70 days of indictment or first appearance). This is in addition to a defendant's right to a speedy trial under the United States Constitution. U.S. Const. amend. VI. Nonetheless, the Act contemplates that a Court may grant a continuance at the request of a defendant if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *Id.* at § 3161(h)(7)(A). The Act requires the Court to set forth in the record, either orally or in writing, its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*; *see also United States v. Parker*, 716 F.3d 999, 1006–07 (7th Cir. 2013) (noting that "[t]he best practice, of course, is for a district court to put its findings on the

record at or near the time when it grants the continuance," quoting *Zedner v. United States*, 547 U.S. 489, 507 n. 7 (2006)).

The United States agrees that the scheduled final pretrial conference and trial dates in this matter overlap with the upcoming federal and state elections taking place in November. As a general matter, the United States does not believe that a defendant's employment duties, even duties as an elected official, outweigh the interests of the public in a speedy trial. Otherwise, a jury trial would have to be unreasonably delayed until the official left office. The United States would be ready to proceed to trial on November 17, 2026, as scheduled. Nonetheless, the United States does not object to the continuance requested here because the recency of the indictment, the nature of the charges, the volume of discovery, and the identified unique scheduling conflict would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Should the Court grant the defendants' motions to continue, the United States would request the Court to set forth in the record its reasons for finding that the continuance serves the ends of justice as set forth in Section 3171(h)(7).

WHEREFORE, the United States of America does not oppose the defendants' motion to continue or their request that the Court hold a hearing to schedule a new final pretrial conference and trial date.

Respectfully submitted,

GREGORY M. GILMORE
United States Attorney

s/ Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217-373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217-373-5875
Fax: 217-373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all parties of record.

s/ Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov