E-FILED
Thursday, 12 November, 2026 02:17:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2026-cr-20033 |
| | ) | |
| CAROL AMMONS and | ) | |
| AARON AMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS**

NOW COMES Defendant, State Representative Carol Ammons, by and through her attorneys, Mutaqee Akbar and Angela J. Reaney, and replies as follows to the government's response to her Motion to Dismiss, ECF No. 54:

1. **The wire fraud counts fail to state claims as the face of the Indictment indicates that the conflict-of-interest definition does not apply to Rep. Ammons and the Indictment's allegations do not indicate that she engaged in an act of concealment related to the wires charged in the Indictment.**

The government does not address Rep. Ammons's contention that the Indictment misleadingly and/or falsely defines Illinois conflict of interest law. Neither does it contend that there was a conflict of interest under Illinois law. Simply because the Indictment alleged that "the State of Illinois informed AMMONS and Hood Vote that it was an impermissible conflict of interest for AMMONS's daughter to be paid"—an obviously incorrect legal conclusion—does not mean that the Indictment alleged that Rep. Ammons made a material omission by failing to inform a separate state agency of a

nonexistent conflict of interest. As the Court is not bound to accept the Indictment's obviously false and/or misleading conclusions of law as fact, this Court should reject the government's position. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States v. Brewbaker*, 87 F.4th 563, 579 (4th Cir. 2023) ("the district court, and not the grand jury, must decide questions of law").

The government indicates that it is proceeding under a fraudulent-inducement theory approved in *Kousisis v. United States*, 605 U.S. 114 (2025). Its theory relies on Rep. Ammons's alleged failure to disclose that she and her daughter would benefit from the grants. "[I]t is not clear," however, "that an omission by itself is sufficient to comprise a scheme to defraud." The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. §§ 1341 & 1343 Proof of Scheme, 646. Indeed, the Seventh Circuit has indicated that "a failure to disclose information may constitute fraud if the omission is accompanied by acts of concealment." *United States v. Powell*, 5776 F.3d 482, 492 (7th Cir. 2009); *see also United States v. Steffen*, 687 F.3d 1104, 1115 (8th Cir. 2012) (indictment must allege acts to conceal as mere silence is insufficient); *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000) (distinguishing between concealment and nondisclosure). Here, although the Indictment summarily alleges concealment, the acts alleged indicate only an omission in failing to disclose that she and her daughter would benefit from the grant. Although the government points to allegations involving the failure to report information to the ISBE and the conversion of campaign funds, the wires charged in Counts One to Eight—messages and deposits related to the BSCLC grant—are irrelevant to those allegations.

**2. The government's response does not alleviate the federalism concerns raised by the Indictment.**

The government contends that *Kousisis* settled the federalism concerns. It did not. There, the Court found only that the fraudulent-inducement theory does not "encroach into States' police powers" as it "criminalizes a particular species of fraud." *Kousisis*, 605 U.S. at 135. It did not address the concerns associated with encroaching on a state's prerogative to define legislators' ethical duties. *McDonnell v. United States*, 579 U.S. 550, 577 (2016); *see also Kelly v. United States*, 590 U.S. 391, 403 (2020). ("Federal prosecutors may not use property fraud statutes to set standards of disclosure and good government for local and state officials." (internal quotations omitted)). The government also cites to *United States v. Reed*, 908 F.3d 102 (5th Cir. 2018), for the proposition that it is permissible to use state law to show *mens rea*. Response 8, ECF No. 59. Here, however, the government does not rely on state law solely for *mens rea*.

**3. The Indictment's reliance on an alleged conflict of interest raises the due process concerns expressed in *Skilling*.**

The government contends that there are no due process concerns because "the State of Illinois told [Rep. Ammons] that a conflict of interest existed." Response 14 n.7, ECF No. 15. Notably, the Indictment does not indicate whether "the State of Illinois" is an Illinois court or a single agency employee.[1] Under the government's argument, however, a single state agency employee's conclusion that there is a conflict of interest—even if that conclusion is incorrect—is sufficient to give rise to federal wire fraud

[1] Although not alleged in the Indictment, the discovery indicates that an agency employee determined there was a conflict of interest under a contract provision.

charges. Under those circumstances, the due process concerns are even more acute as it would be exceedingly difficult to discern the acts that give rise to federal prosecution. Accordingly, the due process concerns noted in *Skilling v. United States*, 561 U.S. 358, 411 n.44 (2010), are present, especially here, where the conflict-of-interest determination on which the government relies runs afoul of the Illinois conflict of interest law cited in the Indictment.

**4. The Indictment fails to allege a conspiracy to tamper with a witness as it alleges only presence and no circumstances from which an agreement could be inferred.**

The government contends that Count Ten is sufficient because it "tracks the language" of the statute. Gov't Response 24, ECF No. 1. Tracking the language of the statute, however, is not sufficient unless "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The government does not deny that an agreement is an element of a § 1512(k) conspiracy.[2] *See United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982) (agreement is essential element of § 846 conspiracy—a statute that requires no overt act

[2] The government points to *United States v. Sheffler*, 19-cr-30067 (C.D. Ill.) for the proposition that an overt act is not an element of a § 1512(k) conspiracy, noting that this Court did not instruct the *Sheffler* jury that it must find an overt act. Indictment 25, ECF No. 1. The Seventh Circuit has not considered the issue. In any event, Rep. Ammons does not allege that the Indictment fails to allege an overt act. Notably, however, the § 1512(k) charge in *Sheffler* Indictment alleged that the defendants "did knowingly combine, conspire, confederate and agree to engage in misleading conduct," and this Court instructed the jury that "[a] 'conspiracy' is an express or implied agreement between two or more persons to commit a crime." *Sheffler*, 19-cr-30067, Indictment 6, ECF No. 1, Jury Instructions 38, ECF No. 398.

allegation). It contends only that an agreement can be inferred from the circumstances. Indictment 26, ECF No. 1. The circumstances alleged in the Indictment, however, provide only that Rep. Ammons and Aaron Ammons were present when the other committed an overt act. *Id.* at 10-11. Allegations of only presence are insufficient to allege a conspiracy especially where, as here, the Indictment fails to allege an agreement. *See also United States v. Jenkins*, 675 F. Supp. 2d 647, 652 (W.D. Va. 2009) (indictment for § 371 conspiracy fatally defective where it "offer[ed] no assurance that the Grand Jury found that there was ever an agreement, and therefore a conspiracy").

**Conclusion**

WHEREFORE, based upon the foregoing, Rep. Ammons requests that the Court enter an order dismissing the Indictment and/or set this matter for oral argument.

Respectfully submitted,

/s/ Angela J. Reaney
ANGELA J. REANEY
MUTAQEE AKBAR

COUNSEL FOR DEFENDANT

Angela J. Reaney
Reaney Law Office LLC
P.O. Box 207
Christopher, IL 62822
(618) 713-6258
areaney@reaneylaw.com

Mutaqee Akbar
Akbar Thomas, LLC
619 N. Copeland Street
Tallahassee FL 32304
(850) 561-6900

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Angela J. Reaney
ANGELA J. REANEY